Conway, Ch. J.
(concurring). I concur in result.
I regret my inability to concur in the opinion of Judge Fttld. I think that, as Judge Fuld points out on page 661 of his opinion, “ the failure of the nurses * # * to inspect and remove the contaminated linen might, perhaps, be denominated an administrative default * # I think that it was an administrative default, and that the hospital should be held to be responsible under the reasoning of the many authorities cited and collated in Judge Fuld’s opinion. We should stop there and not go on to overrule the doctrine of Schloendorff v. New York Hosp. (211 N. Y. 125). A voluntary hospital is not conducted as a business. Very few, if any, voluntary hospitals reach the end of any year without a deficit which has to be made up by its board of directors or by other charitable gifts. This is especially so of small hospitals. In my judgment, the doctrine of the Schloendorff case has justified itself over the years and has enabled voluntary hospitals to survive. That is particularly so in small communities as distinguished from *668 larger cities. We need both the large and small voluntary hospital. The alternative is public hospitals supported by county or State or stock company hospitals operating as businesses organized for profit. Since it is unnecessary, in my judgment, on these facts to overrule Schloendorff v. New York Hosp. (supra), I would reverse here on the ground that we have presented to us only a negligent administrative act performed by nurses.
Desmond, Dye, Froessel, Van Voorhis and Burke, JJ., concur with Fuld, J.; Conway, Ch. J., concurring for reversal in a separate memorandum.
Judgment reversed, etc.